**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| RENTAL HOUSING ASSOCIATION OF WASHINGTON, | No. 82782-1-I |
| Appellant/Cross-Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF BURIEN, a Washington municipal corporation, | |
| Respondent/Cross-Appellant. | |

MANN, J. — In 2019, the City of Burien (City) adopted chapter 5.63 Burien Municipal Code (BMC) to establish new rental housing policies within the City. The Rental Housing Association of Washington (RHA) filed suit seeking declaratory relief to have provisions of chapter 5.63 BMC declared unconstitutional. After considering cross motions for summary judgment, the trial court dismissed RHA's challenge to the requirement in BMC 5.63.040, that landlords accept security deposits and last month's rent from prospective tenants by using installment payments, based on collateral estoppel. The trial court agreed with RHA that BMC 5.63.070 was preempted to the

extent it restricts a landlord's prima facie case for eviction at the end of a lease term under chapter 59.12 RCW or chapter 59.18 RCW.

RHA appeals and asks this court to affirm the trial court's decision, but reject its reliance on collateral estoppel. The City cross appeals, arguing that the trial court erred in determining BMC 5.63.070(1) is preempted by state law. We dismiss RHA's appeal as moot. We otherwise affirm.

## FACTS

On October 7, 2019, the City adopted Ordinance 716, codifying chapter 5.63 BMC which declared as its purpose to "establish regulations supporting the topic of increasing housing security, and to establish standards and enforcement mechanisms as they relate to rental housing with the city limits of Burien." BMC 5.63.010.

Two sections of chapter 5.63 BMC are at issue in this appeal. BMC 5.63.040 allows residential tenants to pay security deposits, nonrefundable move-in fees, and the last month's rent in installments unless certain exceptions apply. BMC 5.63.070 prohibits landlords from evicting residential tenants under the Washington State Residential Landlord-Tenant Act, ch. 59.18 RCW unless the owner can prove just cause for the eviction. The statute provides an exclusive list of reasons that constitute just cause.

Chapter 5.63 BMC largely mirrors an ordinance adopted by the City of Seattle three years earlier (Seattle Ordinance). In particular, like BMC 5.63.040, the Seattle Ordinance allows residential tenants to pay security deposits, nonrefundable move-in fees, and last month's rent in installments. In 2017, RHA challenged the Seattle Ordinance, seeking declaratory judgment and injunctive relief. RHA claimed, in part,

that the provisions in the Seattle Ordinance that allow residential tenants to pay security deposits, nonrefundable move-in fees, and last month's rent in installments were preempted by state law and violated the Washington State Constitution. RHA's challenge to the Seattle Ordinance was dismissed on summary judgment. RHA appealed, but then voluntarily dismissed its appeal.

On November 5, 2019, RHA filed a complaint for declaratory relief challenging provisions of BMC chapter 5.63. Specific to this appeal, RHA's complaint alleged that the requirement in BMC 5.63.040—that landlords allow residential tenants to pay security deposits, nonrefundable move-in fees, and last month's rent in installments— was preempted by RCW 35.21.830 and unconstitutional under the Washington State Constitution and the United States Constitution. RHA also alleged that BMC 5.63.070's limitation on evicting residential tenants to a narrow list of just cause reasons was preempted by the Washington State Residential Landlord-Tenant Act, ch. 59.18 RCW.

After considering cross motions for summary judgment, followed by motions for reconsideration, on May 20, 2021, the trial court issued its second amended order on motions for summary judgment. The court held that RHA was collaterally estopped from challenging BMC 5.63.040 based on its previous challenge to the Seattle Ordinance. The trial court agreed with RHA that BMC 5.63.070(1) was preempted to the extent that it restricts an RHA member's prima facie case for eviction under chapter 59.12 RCW or chapter 59.18 RCW.

In 2020, and after the start of the litigation, the legislature amended the Residential-Landlord Tenant Act to allow for installment payments of residential security deposits, nonrefundable move-in fees, and last month's rent. RCW 59.18.610.

-3-

Both parties appeal.

ANALYSIS

A. Standard of Review

This court reviews summary judgment decisions de novo. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 281, 313 P.3d 395 (2013). "Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Int'l Marine Underwriters, 179 Wn.2d at 281.

B. RHA's Appeal

RHA appeals the trial court's dismissal of its challenge to BMC 5.63.040—the code provision that requires that landlords allow residential tenants to pay security deposits, nonrefundable move-in fees, and last month's rent in installments. The City argues that RHA's challenge is moot because of the legislature's enactment of RCW 58.18.610. We agree.

Appellate courts may dismiss a case if it is moot. RAP 18.9(c). "A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." Spokane Research & Defense Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). An appellate court may, however, at its discretion "retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved." Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

Here, the City asserts that RHA's appeal should be dismissed because RCW 59.18.610 effectively eliminated RHA's challenge to BMC 5.63.040. BMC 5.63.040 requires landlords allow residential tenants to pay security deposits, nonrefundable move-in fees, and last month's rent in installments:

> (1) Installment Payments, Generally. Upon a tenant's written request, tenants may pay security deposits, nonrefundable move-in fees, and/or last month's rent in installments as provided herein; except that the tenant cannot elect to pay the security deposit and nonrefundable move-in fees in installments if (a) the total amount of the security deposit and nonrefundable move-in fees does not exceed 25 percent of the first full month's rent for the tenant's dwelling unit; and (b) payment of last month's rent is not required at the inception of the tenancy. Landlords may not impose any fee, charge any interest, or otherwise impose a cost on a tenant because a tenant elects to pay in installments. Installment payments are due at the same time as rent is due. All installment schedules must be in writing, signed by both parties.
>
> (2) Fixed-Term Tenancies for Three Months or Longer. For any rental agreement term that establishes a tenancy for three months or longer, the tenant may elect to pay the security deposit, nonrefundable move-in fees, and last month's rent, excluding any payment made by a tenant to the landlord prior to the inception of tenancy to reimburse the landlord for the cost of obtaining a tenant screening report, in three consecutive, equal monthly installments that begin at the inception of the tenancy.

RCW 59.18.610 now similarly requires landlords allow residential tenants to pay security deposits, nonrefundable move in fees and last month's rent in installments:

> (1)(a) Except as provided in (b) of this subsection, upon receipt of a tenant's written request, a landlord must permit the tenant to pay any deposits, nonrefundable fees, and last month's rent in installments.
> (b) A landlord is not required to permit a tenant to pay in installments if the total amount of the deposits and nonrefundable fees do not exceed twenty-five percent of the first full month's rent and payment of the last month's rent is not required at the inception of the tenancy.
> (2) In all cases where premises are rented for a specified time that is three months or longer, the tenant may elect to pay any deposits, nonrefundable fees, and last month's rent in three consecutive and equal monthly installments, beginning at the inception of the tenancy. In all other cases, the tenant may elect to pay any deposits, nonrefundable

fees, and last month's rent in two consecutive and equal monthly installments, beginning at the inception of the tenancy.

RHA's appeal is moot. RCW 59.18.610 now expressly requires the same of landlords as required by BMC 5.63.040. RHA admits as much. We can no longer provide the relief RHA seeks. Spokane Research & Defense Fund, 155 Wn.2d at 99. RHA's appeal and challenge to BMC 5.63.040 is moot.[1]

C. City's Cross Appeal

On cross appeal, the City appeals the trial court's conclusion that BMC 5.63.070 is preempted by chapter 59.12 RCW or chapter 59.18 RCW. We agree with the trial court.

Local governments have the power under the Washington constitution to "make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." WASH. CONST. art. XI, § 11. A local ordinance is valid under this provision unless it: (1) conflicts with state law, (2) is not reasonable, or (3) the subject matter is not local. Cannabis Action Coal. v. City of Kent, 183 Wn.2d 219, 225-26, 351 P.3d 151 (2015). A party challenging the constitutionality of a local ordinance carries a heavy burden and "every presumption will be in favor of constitutionality." Cannabis Action Coal., 183 Wn.2d at 226 (internal quotations omitted). Our review is de novo. Cannabis Action Coal., 183 Wn.2d at 226.

---

[1] RHA agrees that its challenge to BMC 5.63.070 is now untenable. RHA asks, however, that we determine the trial court's decision dismissing RHA's challenge based on collateral estoppel was erroneous. Because the RHA's challenge is moot, and the trial court's decision carries no precedence, we decline RHA's invitation to issue what would be, at best, nonbinding dicta.

Preemption takes two forms, field preemption, or conflict preemption.  A local ordinance is preempted when a state statute either "occupies the field, leaving no room for concurrent jurisdiction," or, "if a conflict exists such that the statute and the ordinance may not be harmonized."  Lawson v. City of Pasco, 168 Wn.2d 675, 679, 230 P.3d 1038 (2010).  RHA argued below, and the trial court agreed, that BMC 5.63.070 was subject to conflict preemption.

Under conflict preemption, "a state law preempts a local ordinance 'when an ordinance permits what state law forbids or forbids what state law permits.'"  Cannabis Action Coal., 183 Wn.2d at 227 (quoting Lawson, 168 Wn.2d at 682).  Conflict preemption is nuanced, and asks whether an irreconcilable conflict exists between a local ordinance and state law.  HJS Dev., Inc., 148 Wn.2d at 482.

RCW 59.12.070 allows a landlord to commence an action to evict a tenant due to the tenant's unlawful detainer, forcible entry, or forcible detainer.  RCW 59.12.030 defines seven bases for finding that a tenant is in "unlawful detainer."  Of particular relevance here, RCW 59.12.130(1) and (2) define where a tenant is in unlawful detainer and therefore subject to removal at the end of the lease term:

> Except as limited under RCW 59.18.650 relating to tenancies under chapter 59.18 RCW, a tenant of real property for a term less than life is liable for unlawful detainer either:
> (1) When he or she holds over or continues in possession, in person or by subtenant, of the property or any part thereof after the expiration of the term for which it is let to him or her.  When real property is leased for a specified term or period by express or implied contract, whether written or oral, the tenancy shall end without notice at the expiration of the specified term or period;
> (2) when he or she, having leased property for an indefinite time with monthly or other periodic rent reserved, continues in possession thereof, in person or by subtenant, after the end of any such month or period, when the landlord, more than 20 days prior to the end of such

month or period, has served notice (in manner in RCW 59.12.040 provided) requiring him or her to quit the premises at the expiration of such month or period.

Similarly, under RCW 59.18.290(2), it is unlawful for a residential tenant to hold over after the termination of a rental agreement:

It is unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him or her, and the prevailing party may recover his or her costs of suit or arbitration and reasonable attorneys' fees subject to subsections (3) and (4) of this section.

Neither RCW 59.12.030, nor RCW 59.18.290 require cause or just cause for the eviction other than the expiration of the rental term.

In contrast, BMC 5.63.070(1) limits the ability of landlords to evict residential tenants unless there is "just cause" and then defines a narrow list of just cause reasons:

Pursuant to provisions of the Washington State Residential Landlord-Tenant Act (RCW 59.18.290), owners may not evict residential tenants without a court order, which can be issued by a court only after the tenant has an opportunity in a show cause hearing to contest the eviction (RCW 59.18.380). Owners of housing units shall not evict or attempt to evict any tenant, or otherwise terminate or attempt to terminate the tenancy of any tenant unless the owner can prove in court that just cause exists . . . the reasons for termination of tenancy listed below, and no others, shall constitute just cause under this section.

(Emphasis added).

BMC 5.63.070(1)'s exclusive list of just cause reasons for eviction includes some, but not all, of the state statute's definition of unlawful detainer. For example, BMC 5.63.070(1)(a) defines a just cause reason as failing to pay rent or vacate, failing to comply or vacate, failing to cure waste or nuisance, or maintenance of an unlawful business consistent with RCW 59.12.030(3), (4), and (5). But noticeably missing from

the City's list of "just cause" reasons defined in BMC 5.63.070(1) is the expiration of the rental term consistent with RCW 59.12.030(1) or (2). Thus, on its face, Burien's ordinance prohibits what state statute allows: eviction at the end of a lease term.

The City cites Margola Assoc. v. City of Seattle, 121 Wn.2d 625, 854 P.2d 23 (1993) abrogated on other grounds by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.3d 694 (2019), in support. In Margola, building owners challenged Seattle's registration ordinance which prohibited a landlord from evicting a tenant unless the landlord had obtained a rental housing registration for that property. Margola, 121 Wn.2d at 651. Relying largely on what appear to be dicta in Kennedy v. City of Seattle, 94 Wn.2d 376, 617 P.2d 713 (1980),[2] the Margola court held that Seattle's registration requirement was not preempted by the chapter 59.18 RCW because it only created another affirmative defense for the tenant—the tenant could be evicted only if the landlord registered their property. Margola, 121 Wn.2d at 652.

The City argues that its ordinance is nearly identical to that in Margola and only creates a new affirmative defense. While the City is correct that like in Margola, its ordinance also requires landlords to register their properties, BMC 6.53.070(1) goes far beyond creating an affirmative defense. Instead, on its face, the City's ordinance prohibits landlords from evicting tenants at the end of their lease term as expressly allowed by RCW 59.12.030(1) and (2), and RCW 59.18.290(2). The ordinance does not

---

[2] In Kennedy, Seattle enacted an ordinance that, in part, made it unlawful to evict the owner of a floating home but for six specific reasons. Kennedy, 94 Wn.2d at 379-80. In analyzing the ordinance, the court held that "there [was] no preemption [by RCW 59.12] expressly or by implication, nor [was] there an irreconcilable conflict between the statutes and the ordinance. A defendant in an unlawful detainer action many assert any defenses available." Kennedy, 94 Wn.2d at 384-85 (citing RCW 59.16.030; RCW 59.18.380). The court nonetheless invalidated the ordinance as an unconstitutional taking. Kennedy, 94 Wn.2d at 385.

merely create an affirmative defense, it eliminates a landlord's prima facie cause of action. BMC 5.63.070(1) prohibits the initiation of unlawful detainer actions within the scope of RCW 59.12.030(1) and (2) unless the additional just cause requirements under the BMC are met. BMC 5.63.070(1) is preempted to the extent that it conflicts with RCW 59.12.030(1) and (2).[3]

RHA's appeal and challenge to BMC 5.63.040 is moot. We dismiss RHA's appeal as moot. The trial court's decision is otherwise affirmed.

Mann, J.

WE CONCUR:

Smith, A.C.J.

---

[3] In deciding this cross appeal, we note our court's decision in Rental Hous. Ass'n v. City of Seattle, No. 82469-4-I, slip op. at 4-6 (Wash. Ct. App. June 21, 2022), https://www.courts.wa.gov/opinions/pdf/824694.pdf. There, we examined a preemption challenge to the Seattle Ordinance's provisions banning eviction in winter and implementing a six-month eviction ban. Rental Hous. Ass'n v. City of Seattle, No. 82469-4-I, slip op. at 4-6. After analyzing Kennedy and Margola, we concluded that "because the ordinances do not erect new procedural barriers to unlawful detainer but merely determine the timing of the issuance of writs of restitution. . . the defenses provided in the ordinances do not irreconcilably conflict with state law. Rental Hous. Ass'n v. City of Seattle, No. 82469-4-I, slip op. at 6.

Here, unlike the ordinances in Margola and Rental Hous. Ass'n, the Burien Ordinance does not offer a tenant additional affirmative defenses. Rather, the ordinance erects procedural barriers for initiating an unlawful detainer action, limiting the conditions under which a landlord may evict and terminate a tenancy.